UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN<br><br>HEATHER DOWNEY,<br>Claimant,<br>v.<br>ALEXANDRIA REAL ESTATE EQUITIES, INC.<br>Respondent.<br>JAMS Reference No. 1160017791 | Civil Action No. _____<br><br>**Joint Petition and Stipulation To Confirm Arbitration Award Under Federal Arbitration Act; Order**<br><br>Presented Jointly By Claimant Heather Downey and Respondent Alexandria Real Estate Equities, Inc. |

**STIPULATION**

**WHEREAS,** an arbitration proceeding was conducted in King County, Washington before Retired King County Superior Court Judge Patricia Aitken, Arbitrator, pursuant to an arbitration clause in Claimant Heather A. Downey's ("Downey") employment agreement (the "Arbitration Agreement") with Respondent Alexandria Real Estate Equities, Inc. ("Alexandria"). A true and correct copy of this employment agreement is attached as **Exhibit A** hereto and

949722 v1/HN   1.

JOINT PETITION AND STIPULATION TO CONFIRM ARBITRATION AWARD; ORDER CASE NO. _____   CHRISTOPHER DURBIN, COOLEY LLP, 719 SECOND AVE., SUITE 900, SEATTLE, WA 98104 (206) 452-8700

incorporated herein by reference;

**WHEREAS,** a Decision in Arbitration, dated June 9, 2011, was rendered in favor of Respondent Alexandria (a true and correct copy thereof is attached as **Exhibit B** hereto), which finds for Alexandria and against Downey on all three claims alleged by Downey against Alexandria;

**THEREFORE:**

Alexandria and Downey hereby stipulate, and ask this Court to find and order, as follows:

1.  This Court has jurisdiction over these proceedings under 28 U.S.C. §§ 1331 and 1332. The Federal Arbitration Act ("FAA") provides:

> [W]ithin one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected…If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. (9 U.S.C. § 9.)

Accordingly, this Court has the obligation to confirm Judge Aitken's Decision in Arbitration into a judgment. (*See Doctor's Assocs., Inc. v. Cassarotto,* 517 U.S. 681, 134 L.Ed.2d 902, 116 S. Ct. 1652 (1996) (stating the purpose of the FAA is to ensure that private agreements to arbitrate are enforced); *Allied-Bruce Terminix Cos. v. Dobson,* 513 U.S. 265, 130 L.Ed.2d 753, 115 S. Ct. 834 (1995) ("[T]he basic purpose of the [FAA] is to overcome courts' refusals to enforce agreements to arbitrate.").)

2. All requirements of 9 U.S.C. § 9 of the FAA are satisfied with regard to confirmation of Judge Aitken's Decision in Arbitration.

3. The Decision in Arbitration issued and signed by Judge Aitken should be confirmed and entered as a final judgment of this Court.

**IT IS SO STIPULATED:**

By: _____
COOLEY LLP
Christopher Durbin (41159)
719 Second Avenue, Suite 900
Seattle, WA 98104
(206) 452-8700
cdurbin@cooley.com

Attorneys for Respondent
ALEXANDRIA REAL ESTATE EQUITIES, INC.

By: _____
LAW OFFICES OF D. JILL PUGH
D. JILL PUGH (24429)
520 East Denny Way
Seattle, WA 98122
(206) 325-2801
jill@EmploymentLawWA.com

Attorney for Claimant
HEATHER DOWNEY

By: _____
LAW OFFICES J. DENISE DISKIN
J. DENISE DISKIN (41425)
3300 East Union St.
Seattle, WA 98122
(206) 452-9369
ddiskin@diskinlawoffice.com

Attorney for Claimant
HEATHER DOWNEY

**ORDER**

**IT IS SO ORDERED:**

Dated: _____

_____
United States District Judge

Presented by:

_____

Dated this ___ day of July, 2011.

3.